IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RACHEL C. MARTIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0308-WS-N |
| ) | |
| **JUDGE JACK W. MEIGS,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 6). The plaintiff has filed a response, (Doc. 9), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to dismiss is due to be granted.

### BACKGROUND

According to the complaint, the defendant is an Alabama state judge of the Fourth Judicial Circuit, which encompasses Hale County. The plaintiff was until recently a litigant in a civil case she brought in the Circuit Court of Hale County against Alabama Power Co. and others in the defendant's court. On May 8, 2009, the defendant heard argument on Alabama Power's motion for summary judgment. On May 15, 2009, the defendant granted the motion for summary judgment as to Alabama Power and dismissed the individual defendants based on the plaintiff's representation that she made no claim against them.[1]

---

[1] The defendant's order is set forth in an exhibit attached to the complaint. (Doc. 1 at 27). It may therefore be considered on motion to dismiss. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The plaintiff brought this action under 42 U.S.C. §§ 1981 and 1983, alleging that, in granting summary judgment against her, the defendant discriminated against her based on her race, color and sex, violated her Seventh Amendment right to a jury trial, and violated her Fourteenth Amendment rights to equal protection and due process.  The defendant responds that he is protected by absolute judicial immunity.

## DISCUSSION

A defendant may seek dismissal prior to answering on the basis that the plaintiff's complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In making this assessment, the complaint's factual allegations are to be accepted as true.  *E.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978)).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Id*.  The same legal standard governs claims under both Section 1983 and Section 1981.  *E.g., id.* (Section 1983); *Scott v. Hayes*, 719 F.2d 1562, 1564-65, 1567 (11th Cir. 1983) (Sections 1981 and 1983).

The Eleventh Circuit considers whether four factors exist when determining if a judge's actions were made while acting in his or her judicial capacity:  "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of the visit to the judge in his or her judicial capacity."  *E.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Scott*, 719 F.2d at 1565.

The plaintiff's allegations against the defendant clearly reflect an act taken in his judicial capacity.  The defendant granted a summary judgment against the plaintiff, a quintessentially judicial act.  It is a normal judicial function to resolve motions for summary judgment; the defendant heard oral argument on the motion in open court and issued a written order from chambers; the defendant's action resolved a case pending before him; and the plaintiff's conflict with the defendant arose out of his dismissal of her case over her objection.  *See Kelly v. O'Hara*, 55 Fed. Appx. 888, 889 (10th Cir. 2003) ("granting summary judgment [is] clearly [a] judicial functio[n]" for purposes of absolute judicial immunity).

Because the defendant acted in his judicial capacity, the only remaining question is whether he acted in the "clear absence of all jurisdiction."  The plaintiff suggests the defendant is stripped of his immunity because (she alleges but does not explain) he acted fraudulently and dishonestly.  (Doc. 1 at 16).  However, as she acknowledges, (*id.*), even actions taken maliciously do not thereby fall outside a judge's jurisdiction.  *Bolin*, 225 F.3d at 1239.  As a state court circuit judge sitting in his own circuit, the defendant patently had jurisdiction to act.  Certainly he did not act in the clear absence of all jurisdiction.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **granted**.  The plaintiff's complaint is **dismissed**.  The plaintiff's motion to amend the complaint, (Doc. 10), will be resolved by separate order.

DONE and ORDERED on this 11th day of August, 2009.

> s/WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE