## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **RACHEL C. MARTIN,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | **CIVIL ACTION 09-0308-WS-N** |
| ) | |
| **JUDGE JACK W. MEIGS,** ) | |
| ) | |
|     **Defendant.** ) | |

### ORDER

This matter is before the Court on the plaintiff's motion for entry of default judgment. (Doc. 10). The basis of the motion is that the defendant has not "return[ed] his summons to" the plaintiff. (*Id*. at 1).

Default can be entered only when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The defendant filed a motion to dismiss, (Doc. 6), and so has defended. *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) ("The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, ... and the like ...."); *accord Abdullah v. City of Jacksonville*, 242 Fed. Appx. 661, 663 (11th Cir. 2007) ("Abdullah was not entitled to a default judgment because [the defendants] filed a motion to dismiss .... Therefore, the defendants defended Abdullah's action against them."); *Gibson v. Gains*, 2006 WL 858336 at *2 (11th Cir. 2006) ("[T]he defendants' motion to dismiss qualified as a responsive pleading, and therefore, a default judgment was not warranted.").

For the reasons set forth above, the motion for entry of default judgment is **denied**.

The plaintiff's filing also includes a motion to amend the complaint to add a claim under 18 U.S.C. § 242. The defendant is **ordered** to file and serve any response to this motion on or before **August 18, 2009**. The plaintiff is **ordered** to file and serve any reply in support of her motion on or before **August 25, 2009**. The Court will take the motion

under submission on August 25, 2009.

DONE and ORDERED on this 11th day of August, 2009.

s/WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE